IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| MARC J. STOUT, ROBERT B. STOUT, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 1:21-cv-559<br>)<br>) |
| JEFFREY KEENEN, Unit Chief,<br>Drug Enforcement Administration's<br>Headquarters Security &<br>Identification Unit; DHS AGENT<br>KALENICH, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

THIS MATTER comes before the Court on Defendants Jeffrey Keenen and DHS Agent Kalenich's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

This case arises from a series of events that took place on January 7, 2020 when Plaintiffs entered a Drug Enforcement Agency ("DEA") facility in Arlington, Virginia, purportedly to film the DEA lobby for news purposes. Once Plaintiffs entered the lobby, they refused to identify themselves to the security desk and to allow for security screening. Plaintiffs then attempted to record the security desk's computers and began yelling aggressively at DEA employees, including obscenities.

1

Plaintiffs insisted they could continue their behavior because they believed it was a public place.

Plaintiffs were told by Defendant Jeffrey Keenan that it was not a public place and they could not continue to behave disorderly. When Plaintiffs were asked why they were at the DEA facility, they had no business reason for being there. Defendant Keenan explained to Plaintiffs that since they had no business at the DEA facility and had been asked to leave due to their behavior, they were then trespassing on federal property.

Plaintiffs then chose to leave the DEA facility and went to speak with Arlington County police officers outside the building. Plaintiffs were again told by Defendant Keenan that they were still on federal property and had already been told they were not allowed, explaining again it was because they did not have official business with the DEA and had been asked to leave due to disorderly behavior. Defendant Keenan also informed Plaintiffs they were subject to potential arrest for trespass if they remained.

This action is brought asserting a <u>Bivens</u> cause of action against Defendants Keenan and Kalenich in their individual capacities for purported violations of Plaintiffs' "First Amendment Right to Freedom of the Press and their Fourteenth Amendment Right to Liberty and Due Process." Plaintiffs allege Defendants interfered with their effort to film the interior of

the DEA's publicly-accessible lobby for news purposes and exercise their constitutional rights to liberty, freedom of the press, and protest.

Defendants move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiffs' cause of action is beyond the recognized applications of the <u>Bivens</u> remedy and that the <u>Abbasi</u> special factors counsel against expansion of <u>Bivens</u>. Defendants alternatively argue they are entitled to qualified immunity for the actions that form the basis of Plaintiffs' claims.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. <u>See Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663

3

(2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to a merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

The Supreme Court in Abbasi provided an analytical framework for courts to follow when addressing claims asserted under Bivens. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). First, the court must determine whether the case presents a new Bivens context. Id. at 1859. If yes, then the court must consider whether special factors cause need for hesitation before finding an implied cause of action. Id. at 1857. This inquiry concentrates on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857. If the court has any "reason to pause before applying Bivens," then it should "reject the request" to recognize a new cause of action. Id. at 743.

A case presents a new Bivens context whenever "the case is different in a meaningful way from previous Bivens cases decided by this Court." Id. Plaintiffs' claims that Defendants violated their First Amendment right to freedom of the press and

4

Fourteenth Amendment right to liberty and due process by interfering with their filming of and re-entry into the DEA lobby, presents a new context. The constitutional right at issue and the challenged conduct of the Defendants, is fundamentally different from the issues in Bivens, Davis, and Carlson. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (finding a Fourth Amendment violation related to the use of unreasonable force during a warrantless search and seizure in the plaintiff's own home); Davis v. Passman, 442 U.S. 228 (1979) (recognizing a cause of action where plaintiff raised a Fifth Amendment equal protection claim alleging gender discrimination in congressional staff employment); Carlson v. Green, 446 U.S. 14 (1980) (recognizing a cause of action where plaintiff raised an Eighth Amendment cruel and unusual punishment claim related to medical care in the prison setting that caused the inmate's death).

Moving on to the second step of the Abbasi analysis, the Court determines whether there are any special factors that counsel against implying a Bivens remedy in this new context.

The first special factor weighing against a new Bivens remedy is that Plaintiffs' Complaint deals with Defendants carrying out federal policies, specifically the policy requiring visitors to a federal facility to submit to security screening and the policy prohibiting loitering and disorderly conduct. When Plaintiffs challenge the implementation of general federal

5

policies like the ones Plaintiffs challenge, it counsels against implying a Bivens remedy.

Another special factor for the Court to consider is the impact on government operations from an expansion of a Bivens remedy under the facts of this case. A Bivens expansion would seriously hinder the government's ability to secure its facilities and ensure disruptive behavior does not impede the work of the building's government employees.

Further, Plaintiffs' claims would widen the scope of government employees amenable to suit for their official acts and likely deter future individuals from seeking these types of positions in our government. This special factor also counsels against recognition of a Bivens remedy.

The Court finds that since the Abbasi special factors counsel hesitation in the absence of affirmative action by Congress, it declines to expand the Bivens cause of action in this case.

The Court does not reach the issue of qualified immunity because there is not a Bivens cause of action for Plaintiffs to proceed with. It is hereby

ORDERED that Defendants' 12(b)(6) Motion to Dismiss is GRANTED and this case is DISMISSED. Plaintiffs shall have fourteen (14) days to file an Amended Complaint.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 25, 2023